UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOAN PHAN, | No. 2:16-cv-00256-KJM-CKD |
| Plaintiffs, | |
| v. | ORDER |
| EMPLOYMENT DEVELOPMENT DEPARTMENT, | |
| Defendant. | |

Plaintiff Loan Phan brings this civil rights action against her former employer, Employment Development Department ("EDD"), asserting claims of discrimination, harassment and retaliation under Title VII. *See* Fourth Am. Compl. ("FAC"), ECF No. 42. EDD moves to dismiss the fourth amended complaint. Mot., ECF No. 43. Phan opposes. Opp'n, ECF No. 44. EDD filed a reply. Reply, ECF No. 45. The court submitted the matter without oral argument. ECF No. 47. For the reasons discussed below, the court GRANTS the motion with prejudice.

I.   BACKGROUND

   A.   Factual Allegations

Phan worked for EDD as an Employment Program Representative from June 2009 until May 2012 and then as an Accountant Trainee until November 2013. FAC ¶ 5. Phan is Vietnamese and speaks English as a second language and with a heavy accent. *Id.* ¶¶ 7, 9. For

/////

1

each of these reasons, Phan alleges she experienced discrimination, harassment and retaliation at EDD starting in 2009. *See generally id.*

Little else from the fourth amended complaint is clear. Phan alleges her colleagues and supervisors mistreated her, *id.* ¶ 9, but she does not say who, when or in what office this conduct occurred. Similarly, she alleges she "complained" about this mistreatment to her supervisors and the mistreatment worsened, *id.* ¶ 6, but provides few details about the complaints or the mistreatment. The operative complaint does provide the following specific, albeit stray, allegations: although Phan worked within a unit of foreign language speaking employees, she was the only employee not certified in a foreign language, *id.* ¶ 12; during Phan's training starting in 2012, one of her trainers did not adhere to Phan's training schedule, *id.* ¶ 16; in spring 2013, she submitted but then withdrew two applications for a promotion, *id.* ¶¶ 22, 25; and Phan was subjected to "name-calling" and was told she had a "hormone problem" and that she was "crazy," *id.* ¶ 27.

B.   Procedural Background

On January 21, 2014, Phan filed a complaint with the Equal Employment Opportunity Commission ("EEOC") and another with the California Department of Fair Employment and Housing ("DFEH"). *Id.* ¶ 29. She received a right-to-sue letter from the EEOC in November 2015. *Id.* Ex. B.

Phan filed the original complaint and a first amended complaint, proceeding pro se, in early 2016. Compl., ECF No. 1; First Am. Compl., ECF No. 5. After acquiring counsel, ECF No. 14, the parties stipulated to permit a second and third amended complaint. Second Am. Compl., ECF No. 28; Third Am. Compl., ECF No. 34. At hearing held on March 24, 2017, the court granted EDD's motion to dismiss the third amended complaint, stating its reasons for dismissal on the record. *See* Hr'g Mins., ECF No. 41.

Three weeks later, Phan filed the operative fourth amended complaint. *See* FAC. Phan makes the following claims against EDD, all brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–e-17: (1) Discrimination on the basis of Race, National Origin,

/////

1  and/or Ethnicity; (2) Harassment on the basis of Race, National Origin, and/or Ethnicity; and
2  (3) Retaliation on the basis of Race, National Origin, and/or Ethnicity.  *See* FAC ¶¶ 36–60.
3  As noted, EDD moves to dismiss all claims.  *See generally* Mot.

II.  STANDARDS ON MOTION TO DISMISS

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  In making this determination, a court considers "only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."  *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (per curiam).

Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to survive a motion to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id*. at 679.  Ultimately, the inquiry focuses on the interplay between the factual allegations of the complaint and the dispositive issues of law in the action.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In making this context-specific evaluation, this court must construe the complaint in the light most favorable to the plaintiff and accept as true the factual allegations of the complaint.  *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007).  This rule does not apply to "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), nor to "allegations that contradict matters properly subject to judicial notice" or to material attached to

3

or incorporated by reference into the complaint, *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988–89 (9th Cir. 2001). A court's consideration of documents attached to a complaint or incorporated by reference or matter of judicial notice will not convert a motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003); *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *compare Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) (noting that even though court may look beyond pleadings on motion to dismiss, generally court is limited to face of the complaint on 12(b)(6) motion).

III.    DISCUSSION

As explained below, EDD argues correctly that Phan's claims are time-barred. Mot. at 3.

   A.    Applicable Legal Standards:  Time Bar

Any adverse employment action "which is not made the basis for a timely charge is the legal equivalent of a discriminatory act which occurred before the statute was passed" and, as such, "it is merely an unfortunate event in history which has no present legal consequences." *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558 (1977). "Discrimination claims under Title VII ordinarily must be filed with the EEOC within 180 days of the date on which the alleged discriminatory practice occurred." *Laquaglia v. Rio Hotel & Casino, Inc.*, 186 F.3d 1172, 1174 (9th Cir. 1999) (citing 42 U.S.C. § 2000e–5(e)(1)). "However, if the claimant first 'institutes proceedings' with a state agency that enforces its own discrimination laws—a so-called 'deferral' state—then the period for filing claims with the EEOC is extended to 300 days." *Id.*

California is a deferral state, *Bouman*, 940 F.2d at 1219–20, and Phan filed a complaint with DFEH, California's relevant state agency, FAC ¶ 29. Thus, the 300-day limitation applies. *Harris v. City of Fresno*, 625 F. Supp. 2d 983, 998 (E.D. Cal. 2009); *see also Bouman*, 940 F.2d at 1219–20. "[E]ach discrete act starts a new clock for filing charges alleging that act," and "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Natl. R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002); *see also RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1061 (9th Cir.

2002) (recognizing *Morgan* overruled Ninth Circuit authority that had held "if a discriminatory act took place within the limitations period and that act was 'related and similar to' acts that took place outside the limitations period, all the related acts—including the earlier acts—were actionable as part of a continuing violation").

In *Morgan*, the Court distinguished two types of actions that may be brought under Title VII: "discrete discriminatory acts" and claims alleging a "hostile work environment." 536 U.S. at 110; *see Porter v. Cal. Dept. of Corrs.*, 419 F.3d 885, 893 (9th Cir. 2005). *Morgan* sets forth a list of discrete acts, which includes "acts such as termination, failure to promote, denial of transfer, or refusal to hire." 536 U.S. at 114. In contrast to claims based on such discrete incidents, hostile-work-environment claims "involve[ ] repeated conduct" and require the plaintiff to demonstrate that "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe and pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Morgan*, 536 U.S. at 115–16 (internal quotation marks omitted). To determine whether the conduct constitutes the same unlawful employment practice under the hostile-work-environment doctrine, a court considers whether the events were "sufficiently severe or pervasive," and whether the earlier and later events amounted to "the same type of employment actions, occurred relatively frequently, [or] were perpetrated by the same managers." *Porter*, 419 F.3d at 893 (quoting *Morgan*, 536 U.S. at 120). "Because the Supreme Court has explicitly differentiated between discrete employment acts and a hostile work environment, many courts have concluded that a discrete act cannot be part of a hostile work environment claim and instead constitutes a separate unlawful employment practice." *Crayton v. Ala. Dept. of Agric. & Indus.*, 589 F. Supp. 2d 1266, 1279–80 (M.D. Ala. 2008) (citing *Porter*, 419 F.3d at 893); *see also Rekow v. Sebelius*, No. CIV 10–8156–PCT–PGR, 2011 WL 1791272, at *3 (D. Ariz. May 11, 2011) (collecting cases).

  B.  <u>Analysis</u>

Here, Phan filed her EEOC complaint on January 21, 2014. FAC ¶ 29. But for the hostile environment exception, Phan is limited to claims based on incidents occurring on or after March 27, 2013. *See Harris*, 625 F. Supp. 2d at 998. Phan alleges she experienced

1   discrimination throughout her work at EDD starting in 2009.  FAC ¶¶ 3, 10, 20.  Much, if not all,
2   of this conduct is ordinarily barred by Title VII's statute of limitations.  *Laquaglia*, 186 F.3d at
3   1174.

4             To overcome EDD's timeliness challenge, Phan asserts a "continuing violation
5   theory" no longer viable after *Morgan*.  Opp'n at 2; *RK Ventures*, 307 F.3d at 1061 (explaining
6   how *Morgan* overruled Ninth Circuit authority permitting a continuing violation theory).  The
7   court construes Phan's argument to mean she instead relies on a "hostile work environment"
8   theory, which may rely on conduct outside the limitations period, rather than a theory alleging
9   "discrete discriminatory acts," which cannot.  *Morgan*, 536 U.S. at 113; *Porter*, 419 F.3d at 893.
10  As noted above, discrete acts cannot be part of a hostile work environment claim.  *Porter*,
11  419 F.3d at 893; *Crayton*, 589 F. Supp. 2d at 1279–80.  The question is whether Phan alleges a
12  non-discrete act within the 300-day period prior to the filing of her federal complaint to support
13  her hostile work environment claims.   She has not.

14            In deciding whether the complaint sufficiently alleges timely conduct, two initial
15  principles narrow the court's inquiry.  First, in reviewing the complaint, the court does not accept
16  as true conclusory allegations.  *Papasan*, 478 U.S. at 286.  So, for example, Phan's allegation she
17  was "subjected to retaliation and unlawful treatment" is not credited, regardless of when it
18  occurred.  FAC ¶ 18; *see also id.* ¶¶ 17, 22–23.  Second, the court does not presume phrases such
19  as "throughout 2013" point to timely conduct occurring after March 27, 2013.  *Id.* ¶¶ 15–16, 18,
20  27.  These phrases are partially contradicted by the complaint itself, which alleges Phan stopped
21  working in November 2013.  *Id.* ¶ 5; *see also Sprewell*, 266 F.3d at 988–89 (explaining a court
22  need not accept as true contradicted allegations).  And vague phrases of "throughout 2013" or
23  "during 2013" do not address the court's reasons for prior dismissal of the complaint, which made
24  clear Phan's obligation to allege conduct occurring specifically on or after March 27, 2013

25            Phan's one remaining allegation also does not survive EDD's motion.  Phan
26  alleges she was the only employee in her unit that lacked a foreign language certification, which
27  meant she received less pay.  FAC ¶ 12.  But EDD's alleged failure to certify is but one
28  discriminatory act that "constitutes a separate actionable 'unlawful employment practice.'"

1   *Morgan*, 536 U.S. at 114; *see also id.* (enumerating a "failure to promote" as a discrete act).
2   EDD's discrete act or acts must have occurred on or after March 27, 2013 to be timely, but Phan
3   does not clearly allege when EDD failed to certify here.  FAC ¶ 12.  Thus, Phan has not alleged
4   any actionable conduct.  *See Yonemoto v. Shinseki*, 3 F. Supp. 3d 827, 845 (D. Haw. 2014)
5   (dismissing claims tied to untimely discrete acts); *cf. RK Ventures*, 307 F.3d 1061–62 (holding all
6   acts, except one discrete act that clearly fell within the limitations period, were time-barred).
7   Without explanation, Phan alleges only generally EDD's failure to certify was somehow ongoing
8   and that "some of this conduct occurred from March 2013 through January 2014, and
9   continuing."  FAC ¶ 12.  Setting aside Phan's inconsistent allegation that she stopped working in
10  November 2013, *id.* ¶ 5, Phan cannot merely repackage a discrete act as ongoing to circumvent
11  the Supreme Court's teaching in *Morgan*.  *See Rekow*, 2011 WL 1791272, at *3 (dismissing
12  claims as untimely where, "[d]espite her current characterization of the Complaint as alleging a
13  hostile work environment, it is clear that Plaintiff has raised these allegations as discrete instances
14  of discrimination").  Phan has at best alleged an untimely discrete act that cannot support her
15  hostile work environment claim.

16          Phan has not alleged any actionable conduct to support any claim.  Dismissal is
17  therefore appropriate on her claims of discrimination, harassment and retaliation.  *See, e.g.*,
18  *Gulden v. Geren*, No. CV 08–1805–PHX–NVW, 2009 WL 536558, at *1 (D. Ariz. Mar. 4, 2009)
19  (dismissing claim of retaliation in the form of hostile work environment where plaintiff had "not
20  alleged a non-discrete act contributing to the allegedly hostile environment that took place within
21  the statutory time period").  The court need not reach the substance of Phan's allegations; it
22  GRANTS the motion to dismiss.

23  IV.     LEAVE TO AMEND

24          Although the court "should freely give leave when justice so requires," Fed. R.
25  Civ. P. 15, and even permit amendment with "extreme liberality," *Eminence Capital, LLC v.*
26  *Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan,*
27  *Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)), the court need not grant leave to amend the complaint if
28

1  defects could not possibly be cured by the allegation of other facts, *Sharkey v. O'Neal*, 778 F.3d
2  767, 774 (9th Cir. 2015) (citing *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)).
3         Here, Phan asks for leave to file a fifth amended complaint. *See* Opp'n at 3–4.
4  Although Phan filed the original and first amended complaint proceeding pro se, she had the
5  benefit of counsel in filing the subsequent three amendments. *See* ECF Nos. 1, 4, 28, 34, 42.  The
6  court's order dismissing the third amended complaint, like this order dismissing the fourth,
7  expressly relied on the absence of timely conduct to support Phan's claims. *See* Hr'g Mins.  In
8  these circumstances, the court finds the complaint's defects cannot be cured; otherwise Phan in
9  her three previous attempts would have done so already.  The court DENIES Phan's request for
10 leave to amend the complaint.

11 V. <u>CONCLUSION</u>
12        The court GRANTS EDD's motion to dismiss with prejudice.
13        IT IS SO ORDERED.
14 DATED: July 20, 2017.

                              UNITED STATES DISTRICT JUDGE